LANDRIEU, J.,
concurs with reasons.
|, The unfortunate circumstances of this case are that' Juan Joseph Hughes was killed in a car accident when he was 27 years old, and the man he most likely knew to be his father is legally perempted from bringing a wrongful death and survival action to recover for his loss.
r Juan’s biological parents, Mr. and Mrs. Joseph Burkette, brought a wrongful death and survival action against the defendants within'one year of Juan’s death as provided for in Louisiana Civil Code articles 2315.1 and 2315.2. They were met with an exception of lack of procedural capacity challenging their rights as the proper plaintiffs.
Juan was born to his mother, Cherryn Burkette, while she was married to Jerome Hughes. It appears to be undisputed that Mr. Hughes is not the biological father of Juan; that' Mrs. Burkette divorced Mr. Hughes when Juan was three years old; and, that she soon thereafter married Juan’s alleged biological father, Mr. Joseph Burkette. It also appears undisputed that Mr. and Mrs. Burkette remained married and shared in the raising of Juan until his untimely death.
As Juan had no spouse or children, the right to bring a wrongful death and/or survival action rests with his mother and father. See La. C.C. arts. 2315.1 A(2) and 2315.2 A(2). Pursuant to Louisiana Civil Code article 185, Mr. Hughes is | ¡(legally presumed to be Juan’s father. In order for Mr. Burkette to rebut this legal presumption of paternity, he was required to institute an action to establish his own paternity of Juan.
Louisiana Civil Code article 198 provides for the time periods in which such an action “shall be instituted” and provides that in the instance where “a child is presumed to be the child of another man,” the action “shall be instituted -within one year from the day of the birth of the child.” In the instance when a mother deceives a father about his paternity, the law provides that the paternity action must be instituted “within one year from the day the father knew or should have known of his paternity, or within ten years from the birth of the child, whichever comes first.” This article ,provides a further time restriction that reads: “In all cases, the action shall .be instituted within one year from the date of the death óf the child.”
■ In this case, Mr. and Mrs. Burkette argue that their timely filed wrongful death petition stated sufficient facts to serve as a timely (within one year from the date of death) action to establish Mr. Burkette’s paternity of Juan. However, regardless of whether the facts they stated are sufficient to do so, the clear and unambiguous language of Louisiana Civil Code article 198 provides that Mr. Burkette’s right to legally establish his paternity of Juan was perempted long before Juan’s untimely death. There is no evidence in the record to' suggest that Mr. Burkette was ever deceived about or was otherwise unaware of his possible paternity of Juan. In any event, Juan was older than ten years when he was killed.
For. these reasons, I concur in the majority’s affirmation of the trial court’s ruling insofar as it sustained the exception of lack of procedural capacity as to Mr. Burk-ette and in the majority’s reversal of the ruling as to Mrs. Burkette.